J-S04026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY CRUZ, JR. | |
| Appellant | No. 960 MDA 2020 |

Appeal from the Judgment of Sentence entered February 19, 2020
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0001091-2019

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 09, 2021**

Appellant, Anthony Cruz, Jr., appeals from the judgment of sentence the Court of Common Pleas of Lebanon County entered on February 19, 2020. On appeal, Appellant challenges the trial court's denial of his motion for a new trial.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows:

> On April 15, 2019, [Appellant] was an inmate in the Lebanon County Correctional Facility.  [Appellant] was found to be in possession of [suboxone], a schedule III substance.
>
> On December 19, 2019, a jury trial was held before [the trial court].  At trial, Correctional Officer Perry Gernert testified. Officer Gernert testified that on April 15, 2019, he was working in the control room of inmate block six.  Officer Gernert encountered [Appellant] returning early from the school room.  . . . [Upon questioning by Officer Gernert, Appellant] indicated . . .  that he needed to use the bathroom.  Officer Gernert told [Appellant] that he was going to be strip searched.  At that time, [Appellant]

walked to the door of the housing unit. Officer Gernert followed him and observed [Appellant] attempting to pass something under the door to the housing unit. Officer Gernert testified that [Appellant] then stood up and had the item, a rolled up magazine, in his hand. The magazine contained the controlled substance suboxone.

Trial Court Opinion, 6/15/20, at 1-2 (footnote omitted).

At trial, Deputy Warden Tina Litz testified that the Lebanon County Correctional Facility held disciplinary proceedings at which Appellant pled guilty to possession of contraband.

The incident was reported to the Pennsylvania State Police. Trooper Bradley Smith was assigned to the case.

At trial, Trooper Smith testified that he interviewed Appellant. Upon questioning, Appellant confirmed that he was indeed in possession of suboxone,[1] as admitted during the disciplinary proceedings. Trooper Smith also testified that he interviewed Officer Gernert. "During the interview, Officer Gernert did not say he saw [Appellant] holding the magazine but instead stated he picked up the magazine off the floor and found the suboxone inside." *Id.* at 4.

The Jury found [Appellant] guilty of Contraband (F2). On February 19, 2020, [Appellant] appeared before [the trial court] for a sentencing hearing and was sentenced to serve one (1) to three (3) years in a state correctional institu[tion]. On March 2,

---

[1] "The contraband recovered from Appellant was tested and found to be buprenorphine, a schedule III substance known as suboxone." Trial Court Opinion, 6/15/20, at 3.

2020, [Appellant] filed [a timely post-sentence motion,[2] which the trial court denied on June 15, 2020. This appeal followed].

*Id.*

Appellant argues that the trial court abused its discretion in not granting Appellant's motion for a new trial based on his claim that the jury placed "too great a weight of credibility to the testimony of [Officer] Gernert that he actually saw Appellant [in] possession of the contraband." Appellant's Brief at 4. We disagree.

In reviewing a challenge to the weight of the evidence, our Supreme Court has instructed as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations and quotation marks omitted). This Court does not step into the shoes of the trial court to revisit the question of whether the verdict was against the evidence. Rather, our task is to "analyze whether the trial court abused its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing

---

[2] The tenth day after sentencing, February 29, 2020, was a Saturday. *See* 1 Pa. C.S.A. § 1908 (excluding weekend days and legal holidays from the computation of the time period for a filing when the last day of the time period falls on a weekend or legal holiday).

its decision on partiality, prejudice, bias, or ill-will." ***Clay***, 64 A.3d at 1056. A new trial should only be awarded "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. ***Id.*** at 1055.

> In denying Appellant's motion for a new trial, the trial court noted:

> Here, the evidence presented at trial supports the verdict. Officer Gernert testified he witnessed [Appellant] returning early from school. This was unusual as the group attending school usually returns together at the same time. Next, the testimony shows Officer Gernert observed [Appellant] attempt to place an item under the door and then saw a magazine either in [Appellant]'s hand or on the ground near [Appellant]. The magazine in [Appellant]'s possession contained a controlled substance. Finally, [Appellant] admitted on more than one occasion that he had possessed suboxone during the encounter with Officer Gernert and also pleaded guilty to the charges at the [disciplinary proceedings] and with Trooper Smith.

> While there was contradictory testimony presented at trial on whether the magazine containing contraband was either in [Appellant]'s hand or was picked up off the floor near [Appellant], the truth of this contradiction is solely for the Jury to decide. The Jury is free to consider all the evidence presented at trial, the Jury found [Appellant] guilty. When reviewing the testimony and the evidence in this case, the Jury's verdict "does not shock one's sense of justice" and the [c]ourt finds the Jury's verdict of guilt is not against the weight of the evidence. Therefore, [Appellant] shall not be granted a new trial.

Trial Court Opinion, 6/15/20, at 5-6.

In light of the foregoing, and considering the applicable standards, we conclude that Appellant failed to show that the trial court abused its discretion in denying Appellant's motion for a new trial.

We also note that by claiming that the jury placed too much weight on the trial testimony of Officer Gernert, which was, according to Appellant, inconsistent with prior statements made by the same witness, Appellant is in essence asking us to reweigh the testimony of Officer Gernert and resolve any inconsistencies therein in favor of Appellant. We cannot do so.

As an appellate court, we may not reweigh the evidence and substitute our judgment for that of the fact-finder. *See, e.g., Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004) ("This Court cannot substitute its judgment for that of the jury on issues of credibility"); *Commonwealth v. Gibson*, 720 A.2d 473, 480 (Pa. 1998) ("Credibility determinations are strictly within the province of the finder of fact; therefore, an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact"); *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."); *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) ("This Court is not permitted to reweigh such credibility determinations on appeal. A jury decision to credit certain evidence and reject other testimony is appropriate"). Moreover, "[a] verdict is not contrary to the weight of the evidence because of a conflict in testimony[.]" *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003). Indeed, to the extent that there were any inconsistencies in the testimony, "the jury resolved the inconsistencies among

the testimonies as it saw fit and reached a verdict." ***Commonwealth v. Horne***, 89 A.3d 277, 286 (Pa. Super. 2014).

Here, it is clear the jury chose to credit the Commonwealth's evidence, as it was allowed to do, and, to the extent there was any inconsistency between the testimony at trial and prior statements, the jury apparently gave more credit to the testimony at trial over the prior statement, as it was allowed to do. Thus, in light of the foregoing, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2021